UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

DARREN DOMBROSKI,

       Plaintiff,

v.

HARKAY ENTERPRISES, INC.
D/B/A MIDAS TIRE AND AUTO SERVICE,
POMPN, INC. D/B/A MIDAS TIRE
AND AUTO SERVICE,
GREGG NOORDHOEK,

       Defendants.
_____/

## COMPLAINT
*{Jury Trial Demanded}*

      Plaintiff, DARREN DOMBROSKI, brings this action against Defendants, HARKAY ENTERPRISES, INC. D/B/A MIDAS TIRE AND AUTO SERVICE, POMPN, INC. D/B/A MIDAS TIRE AND AUTO SERVICE, and GREGG NOORDHOEK, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and alleges as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiff DARREN DOMBROSKI was a resident of the State of Florida and an "employee" of Defendants as defined by the FLSA.

3. At all times material hereto, Defendant, HARKAY ENTERPRISES, INC. D/B/A MIDAS TIRE AND AUTO SERVICE, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of car repair services, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged

1

along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

4. At all times material hereto, Defendant, POMPN, INC. D/B/A MIDAS TIRE AND AUTO SERVICE, was a Florida corporation with its principal place of business in Broward County, Florida, engaged in commerce in the field of car repair services, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

5. Both HARKAY ENTERPRISES, INC. D/B/A MIDAS TIRE AND AUTO SERVICE and POMPN, INC. D/B/A MIDAS TIRE AND AUTO SERVICE and their employees use tools, supplies, and equipment manufactured outside Florida in furtherance of their car repair business.

6. Defendant, GREGG NOORDHOEK, is a resident of Miami-Dade County, Florida and was, and now is, the managing agent, director and owner of Defendant, HARKAY ENTERPRISES, INC. D/B/A MIDAS TIRE AND AUTO SERVICE; said Defendant acted and acts directly in the interests of Defendant, HARKAY ENTERPRISES, INC. D/B/A MIDAS TIRE AND AUTO SERVICE, in relation to said co-Defendant's employees. Defendant effectively dominates HARKAY ENTERPRISES, INC. D/B/A MIDAS TIRE AND AUTO SERVICE administratively, has the power to act on behalf of the corporation relative to its employees, and had the authority to direct and control the work of others. Thus, GREGG NOORDHOEK was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

7. Defendant, GREGG NOORDHOEK, is a resident of Miami-Dade County, Florida and was, and now is, the managing agent, director and owner of Defendant, POMPN, INC. D/B/A MIDAS TIRE AND AUTO SERVICE; said Defendant acted and acts directly in the interests of Defendant,

POMPN, INC. D/B/A MIDAS TIRE AND AUTO SERVICE, in relation to said co-Defendant's employees. Defendant effectively dominates POMPN, INC. D/B/A MIDAS TIRE AND AUTO SERVICE administratively, has the power to act on behalf of the corporation relative to its employees, and had the authority to direct and control the work of others. Thus, GREGG NOORDHOEK was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

8. Defendants, POMPN, INC. D/B/A MIDAS TIRE AND AUTO SERVICE and HARKAY ENTERPRISES, INC. D/B/A MIDAS TIRE AND AUTO SERVICE, along with the separate entities Nordco, Inc., Rynod Inc, Kevrin, Inc., Norwin, Inc., Alnor, Inc., and Daynor, Inc. are a single enterprise under the Fair Labor Standards Act, performed related activities through unified operation and common control for the common business purpose of operating a car repair business, engaged along with their employees in interstate commerce, and have an annual gross sales and/or business volume of $500,000 or more.

9. Defendants, POMPN, INC. D/B/A MIDAS TIRE AND AUTO SERVICE and HARKAY ENTERPRISES, INC. D/B/A MIDAS TIRE AND AUTO SERVICE, were joint employers of Plaintiff, under the Fair Labor Standards Act, shared Plaintiff's services, had Plaintiff acting in the interest of each business, and shared common control of Plaintiff.

10. Plaintiff DARREN DOMBROSKI was employed by Defendants as a mechanic.

11. Defendants failed to pay Plaintiff the full and proper overtime wages of 1.5 times Plaintiff's regular hourly rate for all hours worked over 40 each week.

12. Attached as <u>Exhibit A</u> is Plaintiff's Statement of Claim.

13. Plaintiff's Statement of Claim sets forth the periods of Plaintiff's claim, the average weekly hours Plaintiff worked, the compensation Plaintiff earned, the compensation Plaintiff was paid,

and the resulting unpaid overtime wages. These numbers are averages, estimates, and/or approximates and may change as information is uncovered during the discovery process.

14. Defendants have knowingly and willfully refused to pay Plaintiff his legally-entitled wages.

15. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

16. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## ALL DEFENDANTS

17. Plaintiff reallege and incorporate the allegations set forth in paragraphs 1-16 above.

18. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) time-and-a-half overtime pay and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

19. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

                                                                          /s/ Elliot Kozolchyk

Elliot Kozolchyk, Esquire
Bar No.: 74791